**Penn A. Dodson (PD2244)**
**Alexander L. Gastman (AG8241)**
ANDERSONDODSON, P.C.
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.
(646) 998-8051 fax
*penn@andersondodson.com*
*alex@andersondodson.com*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEANA MONROY-GILL, in her individual capacity and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRESCO NEWS INCORPORATED, d/b/a Fresco News, JOHN MEYER, an individual, JONATHAN HAMITER, an individual, JEREMY OGOREK, an individual, MORGAN BOYER, an individual, and KYLE MARION, an individual,<br><br>Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. _____<br><br>**JURY TRIAL REQUESTED** |

### INTRODUCTION

1. Plaintiff Keana Monroy-Gill worked as a market analyst for Defendants' news media app startup for just over a year.  During this time, Plaintiff, like many of her co-workers, was simply not paid at all for several weeks and even months of work.  With multiple empty promises of payment, contingent upon the receipt of funding from investors, Defendants have continued to suffer and permit multiple individuals to work for them with no

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

compensation at all. To challenge these and other wage violations, Plaintiff brings this action, by and through her attorneys, against Defendants Fresco News Incorporated, d/b/a Fresco News, and its principals, John Meyer, Jonathan Hamiter, Jeremy Ogorek, Morgan Boyer, and Kyle Marion, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' company that is based in Manhattan.

## PARTIES

**Defendant Fresco News Incorporated**

5. Defendant **Fresco News Incorporated** d/b/a Fresco News (hereinafter "Fresco News") is a foreign corporation doing business within New York County, and whose principal place of business is located at 85 Broad Street, 17th Floor New York, New York, 10004. Its DOS Process agent is listed with the NYS Department of State as Fresco News Incorporated, WeWork, at the same address.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 2

6. Defendant Fresco News Incorporated operates a news media app startup company located at 85 Broad Street, 17th Floor New York, New York, 10004 which does business as Fresco News.

7. At all relevant times, Defendant Fresco News had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant Fresco News was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Specifically, as an app development company, their technological offerings and resources are heedless of state and national borders; its staff regularly utilized tools such as the internet and telephones to transact business.

9. At all times material to this action, Defendant Fresco News was subject to the FLSA and was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Defendant John Meyer**

10. Defendant John Meyer, an individual, resides in New York County, upon information and belief.

11. John Meyer is the CEO and one of the founders of Fresco News.

12. Defendant Meyer has an ownership interest in and/or is a shareholder of Fresco News.

13. At all times material to this action, Defendant Meyer has actively participated in the business of the corporation.

14. At all times material to this action, Defendant Meyer exercised substantial control over the functions of the company's employees including Plaintiff. He had the authority to hire and

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 3

fire, set (and withhold) pay, and has the authority to direct the day to day activities of employees including Plaintiff

15. At all times material to this action, Defendant Meyer was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendants Jonathan Hamiter, Jeremy Ogorek, Morgan Boyer, and Kyle Marion**

16. Defendants Jonathan Hamiter, Jeremy Ogorek, Morgan Boyer, and Kyle Marion, individuals, reside in New York City, New York County, upon information and belief.

17. Defendant Johnathan Hamiter is the COO of Fresco News and a member of its board of executives. He was Plaintiff's direct supervisor throughout her employment. He hired Plaintiff, set her rate of pay, and promised her various raises.

18. Defendant Jeremy Ogorek is the CFO of Fresco News and a member of its board of executives. He had the authority to pay Plaintiff and did in fact do so when Defendants decided to pay her. He also had the authority to stop the illegal wage practices such as the complete non-payments.

19. Defendant Morgan Boyer is the VP of New for Fresco News and a member of its board of executives. During her employment, at times, Plaintiff worked directly for Defendant Morgan and her department. She set her job duties, including hours of work. She had the ability to hire and fire employees, including Plaintiff, and as a member of board of executives of Fresco News had the ability to stop the illegal wage practices such as the complete non-payments.

20. Defendant Kyle Marion is the VP of Business Development for Fresco News and a member of its board of executives. During her employment, at times, Plaintiff worked directly for Defendant Marion and his department. He set her job duties, including hours of work. As

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 4

a member of board of executives of Fresco News had the ability to stop the illegal wage practices such as the complete non-payments.

21. At all times material to this action, Defendants Hamiter, Ogorek, Boyer, and Marion actively participated in the business of the corporation.

22. At all times material to this action, Defendants Hamiter, Ogorek, Boyer, and Marion exercised substantial control over the functions of the company's employees including Plaintiff.  For example, they had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.   Further, as members of the executive board of Fresco News they had the ability to stop the illegal wages practices alleged herein.

23. At all times material to this action, Defendants Hamiter, Ogorek, Boyer, and Marion were each an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

24. Upon information and belief, Defendants Hamiter, Ogorek, Boyer, and Marion have an ownership interest in and/or are shareholders of Fresco News.

**Plaintiff Keana Monroy-Gill**

25. Plaintiff Keana Monroy-Gill is a resident of Jersey City, New Jersey.

26. At all times material to this action, Plaintiff Monroy-Gill was an "employee" within the meaning of 29 U.S.C. § 203(e).

27. Plaintiff Keana Monroy-Gill worked for Fresco News as an account manager and then as a market analyst from April 13, 2016 to June 30, 2017.

28. While working in this capacity, Plaintiff Monroy-Gill was not expected to record time worked in any way.

29. Monroy-Gill estimates that generally she worked approximately 40-50 hours per week.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Monroy-Gill v. Fresco News
USDC, Southern District of New York

Complaint
Page 5

Plaintiff Monroy-Gill typically started work at 10:00 AM and stopped work at 6:00 PM. She usually worked 5 days per week.  Further, Plaintiff Monroy-Gill was required to be on-call on Saturdays to respond to Defendants' requests and complete other assigned tasks. In addition, Plaintiff generally worked a full day on Sundays as well.

30. Plaintiff Monroy-Gill generally did not get a meal break of 30 minutes or more relieved of all duties; usually if she ate she would grab something and eat at her desk.

31. By way of examples only, during the week of June 5, 2017 Plaintiff Monroy-Gill worked Monday through Friday from 10:00 am to 6:00 pm each day but was not paid at all.  Further, during the week July 24, 2016, Plaintiff Monroy-Gill worked Monday through Friday from 10:00 am to 6:00 pm, Saturday for 10 hours, and Sunday for 10 hours.  Defendants did not pay her anything for the 20 hours of overtime work.

32. While in this position, Plaintiff Monroy-Gill's pay scheme was hourly then salary.

33. As an account manager, from approximately April 13, 2016 to June 30, 2016, her rate of pay was $12.00 per hour.

34. In or around July 1, 2016, Defendants' promoted Plaintiff to the position of market analyst and promised her an increase in pay to $15.00 per hour.  But, the actual increase was less.

35. In or around October 1, 2016, in conjunction with a corporate restructuring, Defendants started paying her a salary of $40,000 per year.  As of April 1, 2017, she was supposed to receive a raise to $50,000 per year.

36. At the end of her employment, from in or around mid-May through her separation, Defendants paid Plaintiff nothing.  Upon information and belief, Defendants stopped paying all employees at that same time.

37. Defendants did not lay employees off until June 30.  At that point, some individuals

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 6

continued working for the company but Defendants continued to fail to pay any wages.

38. Defendants did not pay Plaintiff Monroy-Gill the minimum wage or the promised wage rate for all hours worked.

39. Defendants did not pay Plaintiff Monroy-Gill at a rate of one and one half times her normal hourly rate for all hours over 40 worked in a workweek.

**FLSA Collective Plaintiffs**

40. Plaintiff brings the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. §216(b), on behalf of all employees (other than the named Defendants) who have been employed by Defendants (or have worked for Defendants in the Fresco News office) on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

41. Upon information and belief, all of the FLSA Collective Plaintiffs have all been subject to common or substantially similar policies and procedures – namely, that of nonpayment, in violation of the minimum (and in at least some cases overtime) laws.

42. The FLSA Collective Plaintiffs are similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiff alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

43. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and any other means the court may deem appropriate under the circumstances.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 7

**Rule 23 Class**

44. The Named Plaintiffs bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all individuals (other than the named Defendants) employed by Fresco News (or working for the company in the Fresco News office) on or after the date six years before the filing of the instant Complaint within the state of New York (the "New York Class Plaintiffs").

45. The number of, and identities of, the individuals comprising the New York Class are, or should be, readily ascertainable from Defendants' records.  Notice can be provided to the New York Class Plaintiffs via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

46. The precise number of persons is unknown, as such information is in the custody and control of the Defendants.  However, upon information and belief, there are easily more than forty (40) individuals in the proposed New York Class.

47. The proposed Class is so numerous that joinder of all members is impracticable.  Further, the disposition of their claims as a class will benefit the parties and the Court.

48. The Named Plaintiffs' claims are typical of those claims which could be alleged by any member of the class.  Further, the relief sought by the Named Plaintiffs is typical of the relief which could be sought by any member of the proposed New York Class.  The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein.  There was nothing special about the Named Plaintiff that caused her to be treated differently than other Class members in regards to the pay methods to which they were subjected.  Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

49. The Named Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf.

51. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

52. Further, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact New York law requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while seeing their rights vindicated.

53. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 9

   a. Whether Defendants' have improperly withheld payment;

   b. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   c. Whether Defendants' conduct was willful;

   d. Whether Defendants maintained true and accurate time and payroll records; and

   e. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

54. Plaintiff and other similarly situated employees reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

55. Defendants failed to compensate Plaintiff and others similarly situated employees at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

56. Defendants failed to pay Plaintiff and other similarly situated employees the minimum wage for all hours worked, in violation of the FLSA.

*Late Payments*

57. On at least some occasions, Plaintiff did not receive her paychecks on the prescribed paydays.

58. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiff is entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty*

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 10

*Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

### *Record-Keeping Failures*

59. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

60. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

61. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

62. As a result of the violations by Defendants of the FLSA, the Plaintiff and other similarly situated employees are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### NEW YORK LABOR LAW (NYLL) VIOLATIONS

63. Plaintiff and other similarly situated employees reallege and incorporats by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

64. At all relevant times, Plaintiff and other similarly situated employees were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

65. Defendants failed to pay Plaintiff and other similarly situated employees the minimum

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 11

wage for all hours she worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

66. Defendants failed to compensate Plaintiff and other similarly situated employees at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Failure To Pay Wages At Prescribed Frequency*

67. Plaintiff and other similarly situated employees was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

68. Plaintiff and other similarly situated employees were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

69. Further, when Plaintiff and other similarly situated employees separated from the Defendants, the Defendnats failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs / Wage Notices*

70. Defendant failed to furnish Plaintiff and other similarly situated employees with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

71. Defendants failed to furnish Plaintiff and other similarly situated employees with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

*Record-Keeping Failures*

72. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

73. At all relevant times, Defendants failed to establish, maintain and preserve for not less than six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

74. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

75. Due to Defendants' New York Labor Code violations, Plaintiff and other similarly situated employees are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and other similarly situated employees respectfully request that this Court grant the following relief:

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 13

(A) Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B) Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C) Award Plaintiff and other similarly situated employees unpaid and underpaid wages due under the FLSA and the NYLL; and

(D) Award Plaintiff and other similarly situated employees liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E) Award Plaintiff and other similarly situated employees liquidated damages pursuant to NYLL § 663; and

(F) Award Plaintiff a service award for her role as "Named Plaintiff"; and

(G) Award Plaintiff and other similarly situated employees interest; and

(H) Award Plaintiff and other similarly situated employees the costs of this action together with reasonable attorneys' fees; and

(I) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **5th** day of **September, 2017.**

ANDERSONDODSON, P.C.

*(signature)*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

ANDERSONDODSON, P.C.

*(signature)*

**Alexander L. Gastman (AG 8241)**
*alex@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
(212) 961-7639 direct/(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Complaint
Page 14