UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN, III, CENITHIA BILAL,** and **KELSIE BLAZIER,** in their individual capacities and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**FRESCO NEWS INCORPORATED**, d/b/a Fresco News,<br>**JOHN MEYER,** an individual,<br>**JONATHAN HAMITER,** an individual,<br>**JEREMY OGOREK,** an individual, and<br>**MORGAN BOYER,** an individual,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Case No. 1:17-cv-06743-AJN<br><br>**JURY TRIAL REQUESTED** |

## INTRODUCTION

1. Come now the Plaintiffs, pursuant to Fed. R. Civ. Proc. 15(a)(1)(A), and amend their Complaint once as a matter of course before being served with a responsive pleading. The purpose of this amendment is to add several additional Plaintiffs who have joined the case after the original Complaint was filed. This Complaint shall supersede and replace all foregoing Complaints filed in this action to date.

2. Plaintiffs worked in various positions for Defendants' news media app startup. During this time, Plaintiffs were simply not paid at all for several weeks of work – for most it was around six weeks' worth of pay. With multiple empty promises of payment, contingent

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

upon the receipt of funding from investors, Defendants continued to suffer and permit the 14 individuals captioned here and around 25 more to work for them with no compensation at all. To challenge these and other wage violations, Plaintiffs bring this action, by and through counsel, against Defendants Fresco News Incorporated, d/b/a Fresco News, and its principals, John Meyer, Jonathan Hamiter, Jeremy Ogorek, and Morgan Boyer, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, § 650, *et seq*. (hereinafter, "NYLL").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq*. of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' company that is based in Manhattan.

## PARTIES

**Defendant Fresco News Incorporated**

6. Defendant **Fresco News Incorporated** (hereinafter "Fresco News") is a foreign corporation doing business within New York County, and whose principal place of business was at relevant times located at 85 Broad Street, 17th Floor New York, New York,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 2

10004. Its DOS Process agent remains listed with the NYS Department of State as Fresco News Incorporated, WeWork, at the same address.

7. Defendant Fresco News Incorporated is a news media app startup company that at relevant times operated out of offices located at 85 Broad Street, 17th Floor New York, New York, 10004.

8. At all relevant times, Defendant Fresco News had annual gross revenues in excess of $500,000.

9. At all relevant times, Defendant Fresco News was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Specifically, as an app development and news company, their technological offerings and resources are heedless of state and national borders; its staff regularly utilized tools such as the internet and telephones to transact business.

10. At all times material to this action, Defendant Fresco News was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant John Meyer**

11. Defendant John Meyer, an individual, now resides in California, upon information and belief, but at relevant times resided in New York City.

12. John Meyer is the CEO and one of the founders of Fresco News.

13. Defendant Meyer has an ownership interest in and/or is a shareholder of Fresco News.

14. At all times material to this action, Defendant Meyer has actively participated in the business of the corporation.

15. At all times material to this action, Defendant Meyer exercised substantial control over the functions of the company's employees including Plaintiffs. He had the authority to hire

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 3

and fire, set (and withhold) pay, and had the authority to direct the day to day activities of employees including the Plaintiffs.

16. At all times material to this action, Defendant Meyer was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendants Jonathan Hamiter, Jeremy Ogorek, Morgan Boyer**

17. Defendants Jonathan Hamiter and Morgan Boyer reside in New York City, and Defendant Jeremy Ogorek resides in Indiana, upon information and belief

18. Defendant Johnathan Hamiter was the Chief Operating Officer ("COO") of Fresco News. He was at least some of the Plaintiffs' direct supervisor (including but not limited to Plaintiff Monroy-Gill's). He hired at least some of the Plaintiffs, set their rate of pay, and promised various raises.

19. Defendant Jeremy Ogorek was the Chief Financial Officer ("CFO") of Fresco News. He oversaw the financial aspects of the operation. He had the authority to pay Plaintiffs and did in fact do so on the occasions when Defendants decided to pay them. He and Defendant Meyer set salary ranges for each department, and then the department heads could make offers within those ranges.

20. Defendant Morgan Boyer was the Vice President of News for Fresco News. During their employment, at times, at least some of the Plaintiffs (including but not limited to Plaintiffs Stone and Francis) worked directly for Defendant Boyer and her department. For those in her departments she set their job duties, including hours of work. She had the ability to hire and fire employees, including at least some of the Plaintiffs. She made salary offers to those she hired within the ranges set by Defendants Meyer and/or Ogorek.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 4

21. At all times material to this action, Defendants Hamiter, Ogorek, and Boyer actively participated in the business of the corporation.

22. At all times material to this action, Defendants Hamiter, Ogorek, and Boyer exercised substantial control over the functions of the company's employees including Plaintiffs. For example, they had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. Further, as members of the executive board of Fresco News they had the ability to stop the illegal wages practices alleged herein.

23. At all times material to this action, Defendants Hamiter, Ogorek, and Boyer were each an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

24. Upon information and belief, Defendants Hamiter, Ogorek, and Boyer have an ownership interest in and/or are shareholders of Fresco News.

**Plaintiff Keana Monroy-Gill**

25. Plaintiff Keana Monroy-Gill is a resident of Jersey City, New Jersey.

26. At all times material to this action, Plaintiffs Monroy-Gill was an "employee" within the meaning of 29 U.S.C. § 203(e).

27. Plaintiff Monroy-Gill worked for Fresco News as an account manager and then as a market analyst from April 13, 2016 to June 30, 2017.

28. While working in this capacity, Plaintiff Monroy-Gill was not expected to record time worked in any way.

29. Monroy-Gill estimates that generally she worked approximately 40-50 hours per week. She typically started work at 10:00 AM and stopped work at 6:00 PM. She usually worked Monday through Friday plus a full day on Sundays and was on-call on Saturdays to respond to Defendants' requests and complete other assigned tasks.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 5

30. Plaintiff Monroy-Gill generally did not get a meal break of 30 minutes or more relieved of all duties; usually if she ate she would grab something and eat at her desk.

31. By way of example only, during the week of June 5, 2017 Plaintiffs Monroy-Gill worked Monday through Friday from 10:00 am to 6:00 pm each day but was not paid at all. Further, during the week July 24, 2016, Plaintiffs Monroy-Gill worked Monday through Friday from 10:00 am to 6:00 pm, Saturday for 10 hours, and Sunday for 10 hours. Defendants did not pay her anything for the 20 hours of overtime work.

32. While in this position, Plaintiffs Monroy-Gill's pay scheme was hourly then salary.

33. As an account manager, from approximately April 13, 2016 to June 30, 2016, her rate of pay was $12.00 per hour.

34. In or around July 1, 2016, Defendants promoted Plaintiff to the position of market analyst and promised her an increase in pay to $15.00 per hour. But, the actual increase was less.

35. In or around October 1, 2016, in conjunction with a corporate restructuring, Defendants started paying her a salary of $40,000 per year. As of April 1, 2017, she was supposed to receive a raise to $50,000 per year.

36. Toward the end of her employment, from in or around mid-May through her separation, Defendants paid Plaintiff Monroy-Gill nothing. Upon information and belief, Defendants stopped paying all employees at that same time.

37. Defendants did not lay employees off until June 30. At that point, some individuals continued working for the company but Defendants continued to fail to pay any wages.

38. Defendants did not pay Plaintiff Monroy-Gill the minimum wage or the promised wage rate for all hours worked.

39. Defendants did not pay Plaintiff Monroy-Gill at a rate of one and one half times her normal

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

hourly rate for all hours over 40 worked in a workweek.

**Plaintiff Christopher "Scott" Mullen**

40. Plaintiff Mullen is a resident of Overland Park, Kansas.

41. Plaintiff Mullen worked for Fresco News as a managing editor.

42. While in this position, Plaintiff Mullen's pay scheme was salary at the rate of $55,000 per year.

43. Toward the end of his employment, Defendants paid Plaintiff nothing.

44. Plaintiff estimates that the Defendants owe him for approximately one month of pay totaling around $4,583.33 in unpaid wages.

45. Defendants failed to pay Plaintiff Mullen for his last two bimonthly pay cycles. $55,000 per year divided by 24 bimonthly pay cycles is $2,291.67, times two is $ 4,583.33.

**Plaintiff Erik Washington**

46. Plaintiff Washington is a resident of Brooklyn, NY.

47. Plaintiff Washington worked for Fresco News as a creative director.

48. While in this position, Plaintiff Washington's pay scheme was salary at the rate of $55,000 per year.

49. Defendants failed to pay Plaintiff Washington for his last three bimonthly pay cycles. $55,000 per year divided by 24 bimonthly pay cycles is $2,291.67, times three is $6,875.

**Plaintiff Gustavo Leal**

50. Plaintiff Leal is a resident of Brooklyn, NY.

51. Plaintiff Leal worked for Fresco News as a business development manager

52. While in this position, Plaintiff Leal's pay scheme was salary at the rate of $39,000 per year.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

53. Defendants failed to pay Plaintiff Leal for his last three bimonthly pay cycles. $39,000 per year divided by 24 bimonthly pay cycles is $1,625, times three is $4,875.00.

**Plaintiff Ismail Ibrahim**

54. Plaintiff Ibrahim is a resident of New York, NY.

55. Plaintiff Ibrahim worked for Fresco News as a video producer.

56. While in this position, Plaintiff Ibrahim's pay scheme was daily at the rate of $100 per day for a 4 day work week.

57. Plaintiff Ibrahim estimates the Defendants owe him for approximately one month of pay totaling around $2,400.00 in unpaid wages.

**Plaintiff Katarina Schulz**

58. Plaintiff Schulz is a resident of Whitefish Bay, Wisconsin.

59. Plaintiff Schulz worked for Fresco News as a producer.

60. While in this position, Plaintiff Schulz's pay scheme was salary at the rate of $38,000 per year.

61. Defendants failed to pay Plaintiff Schulz for her last 2.5 months of employment. $38,000 per year divided by 24 bimonthly pay cycles is $1,583.33, times two and a half is $3,958.33.

**Plaintiff Elizabeth "Lizzy" Francis**

62. Plaintiff Francis is a resident of New York, New York.

63. Plaintiff Francis worked for Fresco News as a content manager/ editor.

64. While in this position, Plaintiff Francis's pay scheme was salary at the rate of $39,000 per year.

65. Defendants failed to pay Plaintiff Francis for his last three bimonthly pay cycles. $39,000 per year divided by 24 bimonthly pay cycles is $1,625, times three is $4,875.00. However,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Monroy-Gill v. Fresco News
USDC, Southern District of New York

Amended Complaint
Page 8

Defendants did wire her $1,200 as a partial payment toward this owed amount.

**Plaintiff Mario Dundas**

66. Plaintiff Dundas is a resident of Brooklyn, New York.

67. Plaintiff Dundas worked for Fresco News as a market manager.

68. While in this position, Plaintiff Dundas's pay scheme was salary at the rate of $39,000 per year.

69. Defendants failed to pay Plaintiff Dundas for his last three bimonthly pay cycles. $39,000 per year divided by 24 bimonthly pay cycles is $1,625, times three is $4,875.00.

**Plaintiff Omar Elfanek**

70. Plaintiff Elfanek is a resident of Brookfield, Connecticut.

71. Plaintiff Elfanek worked for Fresco News as an iOS engineer

72. While in this position, Plaintiff Elfanek's pay scheme was salary at the rate of $80,000 per year.

73. Defendants failed to pay Plaintiff Dundas for his last three bimonthly pay cycles. $80,000 per year divided by 24 bimonthly pay cycles is $3,333.33, times three is $10,000.00.

**Plaintiff Stephen Straub**

74. Plaintiff Straub is a resident of New York, New York.

75. Plaintiff Straub worked for Fresco News as a content manager/producer.

76. While in this position, Plaintiff Straub's pay scheme was salary at the rate of $39,000 per year.

77. Defendants failed to pay Plaintiff Straub for his last three bimonthly pay cycles. $39,000 per year divided by 24 bimonthly pay cycles is $1,625, times three is $4,875.00.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 9

**Plaintiff Kelsie Blazier**

78. Plaintiff Blazier is a resident of Phoenix, Arizona.

79. Plaintiff Blazier worked for Fresco News as a senior account executive.

80. While in this position, Plaintiff Blazier's pay scheme was salary at the rate of $55,000 per year.

81. Defendants failed to pay Plaintiff Blazier for her last two bimonthly pay cycles. $55,000 per year divided by 24 bimonthly pay cycles is $2,291. 67, times two is $4,583.33.

**Plaintiff William Martin, III**

82. Plaintiff Martin is a resident of Brooklyn, New York.

83. Plaintiff Martin worked for Fresco News as a director of video.

84. While in this position, Plaintiff Martin's pay scheme was salary at the rate of $60,000 per year.

85. Defendants failed to pay Plaintiff Martin for his last three bimonthly pay cycles. $60,000 per year divided by 24 bimonthly pay cycles is $2,500, times three is $7,500.00

**Plaintiff Cenithia Bilal**

86. Plaintiff Bilal is a resident of Brooklyn, NY.

87. Plaintiff Bilal worked for Fresco News as a Director of Market Operations.

88. While in this position, Plaintiff Bilal's pay scheme was salary at the rate of $47,500.00 per year.

89. Defendants failed to pay Plaintiff Bilal for her last three bimonthly pay cycles. $47,500 per year divided by 24 bimonthly pay cycles is $1,979.17, times three is $5,937.50.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

**Plaintiff S. Jamal Stone**

90. Plaintiff Stone is a resident of Brooklyn, NY.

91. Plaintiff Stone worked for Fresco News as a director of video.

92. While in this position, Plaintiff Stone's pay scheme was salary at the rate of $42,250.00 per year.

93. Defendants failed to pay Plaintiff Stone for his last two bimonthly pay cycles. $42,250 per year divided by 24 bimonthly pay cycles is $1,760.42, times two is $ 3,520.83.

**FLSA Collective Plaintiffs**

94. Plaintiffs bring the First Claim for Relief as a Collective Action pursuant to 29 U.S.C. §216(b), on behalf of all employees (other than the named Defendants) who have been employed by Defendants (or have worked for Defendants in the Fresco News office) on or after the date three years before the filing of the instant Complaint (the "FLSA Collective Plaintiffs").

95. Upon information and belief, all of the FLSA Collective Plaintiffs have all been subject to common or substantially similar policies and procedures – namely, that of nonpayment, in violation of the minimum (and in at least some cases overtime) laws.

96. The FLSA Collective Plaintiffs are similarly situated, in that they have been subject to common pay practices and decisions on the part of the Defendants. The FLSA claims of the Named Plaintiffs alleged herein are essentially the same as those of the other FLSA Collective Plaintiffs.

97. The identities of the individuals comprising the FLSA Collective are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the FLSA Collective

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 11

Plaintiffs via first class mail, email, and any other means the court may deem appropriate under the circumstances.

**Rule 23 Class**

98. The Named Plaintiff bring the Second Claim for Relief as a Class Action pursuant to Fed. R. Civ. Proc. 23, on behalf of all individuals (other than the named Defendants) employed by Fresco News (or working for the company in the Fresco News office) on or after the date six years before the filing of the instant Complaint within the state of New York (the "New York Class Plaintiffs").

99. The number of, and identities of, the individuals comprising the New York Class are, or should be, readily ascertainable from Defendants' records. Notice can be provided to the New York Class Plaintiff via means permissible under FRCP 23, correlative caselaw, and appropriate judicial guidance.

100. The precise number of persons is unknown, as such information is in the custody and control of the Defendants. However, upon information and belief, there are easily more than forty (40) individuals in the proposed New York Class.

101. The proposed Class is so numerous that joinder of all members is impracticable. Further, the disposition of their claims as a class will benefit the parties and the Court.

102. The Named Plaintiff's claims are typical of those claims which could be alleged by any member of the class. Further, the relief sought by the Named Plaintiff is typical of the relief which could be sought by any member of the proposed New York Class. The Class members were all subject to the same practices, decisions, policies, plans, and customs of Defendants as alleged herein. There was nothing special about the Named Plaintiff that

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 12

caused her to be treated differently than other Class members in regards to the pay methods to which they were subjected. Defendants benefitted from the unlawful withholding of wages due to members of the proposed Class and the Named Plaintiff in the same way. Though the exact amounts may differ, Plaintiff and other Class members incurred similar losses, injuries, and damages arising from Defendants' pay practices.

103. The Named Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Further, Plaintiff is represented by attorneys who are experienced and competent in class/collective action litigation, employment litigation, and wage and hour employment litigation in particular.

104. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. A class action will allow those similarly situated to prosecute their common claims together and minimize the need for duplicative efforts expended on their behalf.

105. In addition, important public interests will be served by treating this claim as a class action. Otherwise, there is a risk that some workers would be compensated according to the law and others not, resulting in a net benefit to Defendants for those who were improperly paid but for whom no damages are assessed.

106. Further, many current and even former employees understandably fear untoward repercussions for asserting claims on their own. They therefore sometimes tolerate illegal treatment as an alternative preferable to having no job at all when in fact New York law requires proper and legal wage payments regardless of what some individuals may acquiesce to when faced with desperation and vastly unequal bargaining power positions. Class actions allow these unnamed workers to rest in their anonymity while

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 13

seeing their rights vindicated.

107. There are questions of law and fact common to the Class that predominate over questions affecting class members individually. Some of these questions may include the following:

   a. Whether Defendants' have improperly withheld payment;

   b. What Defendants' pay policies, practices, directives, instruction, programs, and procedures were for all relevant times;

   c. Whether Defendants' conduct was willful;

   d. Whether Defendants maintained true and accurate time and payroll records; and

   e. What formulae are appropriate for calculating damages.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

108. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

109. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

**110.** Defendants failed to pay Plaintiffs the minimum wage for all hours worked, in violation of the FLSA.

*Late Payments*

111. On at least some occasions, Plaintiffs did not receive their paychecks on the

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

Monroy-Gill v. Fresco News
USDC, Southern District of New York

Amended Complaint
Page 14

prescribed paydays.

112. Because the employer failed to pay wages or overtime on the regular payment date, Plaintiffs are entitled to liquidated damages. See *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2nd Cir. 1960); *Arroyave v. Rossi*, 296 Fed. Appx. 835, 836 (11th Cir. 2008).

*Record-Keeping Failures*

113. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiffs, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

114. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

115. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

116. As a result of the violations by Defendants of the FLSA, the are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

117. Plaintiffs reallege and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 15

118. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

*Failure To Pay Minimum Wage*

119. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL § 652.

*Failure To Pay Overtime*

120. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

*Failure To Pay Wages At Prescribed Frequency*

121. Plaintiffs was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

122. Plaintiffs were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

123. Further, when Plaintiffs separated from the Defendants, the Defendants failed to pay the wages owing in their final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

*Failure to Provide Pay Stubs / Wage Notices*

124. Defendant failed to furnish Plaintiffs with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 16

address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

125. Defendants failed to furnish Plaintiffs with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### Record-Keeping Failures

126. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

127. At all relevant times, Defendants failed to establish, maintain and preserve for not less than six years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

128. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### Damages

129. Due to Defendants' New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

**AndersonDodson, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 17

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A)　Certify Count I as a Collective Action pursuant to 29 U.S.C. §216(b); and

(B)　Certify Count II as a Class Action pursuant to Fed. R. Civ. Proc. 23; and

(C)　Award Plaintiffs unpaid and underpaid wages due under the FLSA and the NYLL; and

(D)　Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(E)　Award Plaintiffs liquidated damages pursuant to NYLL § 663; and

(F)　Award Plaintiff Monroy-Gill a service award for her role as "Named Plaintiffs"; and

(G)　Award Plaintiffs interest; and

(H)　Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(I)　Award such other and further relief as this Court deems necessary and proper.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 18

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **18th** day of **July, 2018.**

ANDERSONDODSON, P.C.

*[signature]*

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Monroy-Gill v. Fresco News*
USDC, Southern District of New York

Amended Complaint
Page 19