**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN III, CENITHIA BILAL, KELSIE BLAZIER, SOLOMON OLORUNTOSI and ROBERT BELPASSO, on behalf of themselves and others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>FRESCO NEWS INCORPORATED d/b/a Fresco, JOHN MEYER, an individual, JONATHAN HAMITER, an individual, JEREMY OGOREK, an individual, and MORGAN BOYER, an individual,<br><br>       Defendants. | Case No. 1:17-cv-06743 |

### NOTICE OF UNOPPOSED
### MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

For the reasons set forth in the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval"), Plaintiffs respectfully request that the Court enter an Order

    (1)    granting preliminary approval of the Joint Settlement and Release ("Settlement Agreement"), attached as Exhibit A to the Dodson Dec.;

    (2)    approving Plaintiffs' Proposed Notice and Claim Form, and directing their

distribution;

(3)     approving Plaintiffs' proposed schedule for final settlement approval;

(4)     approving the Settlement as it pertains to FLSA claims as per the requirements of

*Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015); and

(5)     granting such other, further, or different relief as the Court deems just and proper.

Respectfully submitted, this **15th** day of **November 2019.**

ANDERSON DODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway
Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax

ANDERSON DODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case No. 1:17-cv-06743

Ps Motn for Prelim Approval
Page ii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN III, CENITHIA BILAL, KELSIE BLAZIER, SOLOMON OLORUNTOSI and ROBERT BELPASSO,
on behalf of themselves and others similarly situated,

Plaintiffs,

v.

FRESCO NEWS INCORPORATED d/b/a Fresco,
JOHN MEYER, an individual,
JONATHAN HAMITER, an individual,
JEREMY OGOREK, an individual, and
MORGAN BOYER, an individual,

Defendants.

Case No. 1:17-cv-06743

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed this Motion For Preliminary Approval with the Clerk of Court using the Court's CM/ECF system, which will ensure delivery to defendants Fresco News Incorporated and John Meyer, as follows:

Robert F. Finkelstein, Esq.
FINKELSTEIN PLATT LLP
rf@finkelsteinplatt.com

Respectfully submitted, this **15th** day of **November, 2019.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN III, CENITHIA BILAL, KELSIE BLAZIER, SOLOMON OLORUNTOSI and ROBERT BELPASSO, on behalf of themselves and others similarly situated,

Plaintiffs,

v.

FRESCO NEWS INCORPORATED d/b/a Fresco, and
JOHN MEYER, an individual,
JONATHAN HAMITER, an individual,
JEREMY OGOREK, an individual, and
MORGAN BOYER, an individual,

Defendants.

Case No. 1:17-cv-06743

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

ANDERSONDODSON, P.C.

Penn A. Dodson (PD 2244)
penn@andersondodson.com
Attorney for Plaintiffs

11 Broadway, Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................. 2
     A.   Factual Background ......................................................................................... 2
     B.   Procedural History .......................................................................................... 2

III. SUMMARY OF THE SETTLEMENT TERMS ....................................................... 3
     C.   The Settlement Fund ....................................................................................... 3
     D.   Eligible Employees .......................................................................................... 4
     E.   Release ................................................................................................................ 4
     F.   Allocation Formula ......................................................................................... 5
     G.   Attorneys' Fees and Litigation Costs .......................................................... 6
     H.   Service Award ................................................................................................... 6

IV.  CLASS ACTION SETTLEMENT PROCEDURE .................................................... 7
     I.   The Settlement Class Meets the Legal Standard for Class Certification ............... 8
     J.   The Settlement is Fair, Reasonable, and Adequate. .................................. 9
          1.   Further Litigation May be Complex, Costly, and Long (Grinnell Factor 1). ................ 10
          2.   The Reaction of the Class (Grinnell Factor 2). ........................................................... 10
          3.   Discovery Has Advanced Far Enough to Allow the Parties to Responsibly Resolve the Case
               (Grinnell Factor 3). ..................................................................................................... 10
          4.   Plaintiffs Would Face Significant Risks if the Case Proceeded (Grinnell Factors 4 and 5). .. 12
          5.   Establishing a Class and Maintaining it Through Trial Would Not Be Simple (Grinnell Factor
               6).  12
          6.   Defendants' Ability to Withstand a Greater Judgment Is Not Assured (Grinnell Factor 7). .. 12
          7.   The Settlement Fund is Substantial in Light of the Best Possible Recovery and the
               Attendant Risks of Litigation (Grinnell Factors 8,9). ................................................. 13
     K.   Certification of the Rule 23 Settlement Class Is Appropriate. ............... 14
     L.   The Proposed Class Notice Is Appropriate. .............................................. 14

V.   CONCLUSION ............................................................................................................. 15

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

# I.  INTRODUCTION

Subject to Court approval, the parties have settled this case for $175,000 for the wage claims of Fresco employees, pertaining to an approximately 6-week period, from mid-May until the end of June in 2017. Believing that the proposed settlement satisfies all of the criteria for preliminary settlement approval, Plaintiffs respectfully request that the Court take the following actions:

(1) approve the settlement that in part pertains to FLSA claims pursuant to *Cheeks*

(2) grant preliminary approval of the Settlement insofar as it purports to release Rule 23 Class Claims raised pursuant to the New York Labor Law ("NYLL") and certify the Settlement Class

 (3) approve the Notice of Proposed Settlement ("Proposed Notice"), attached as an Exhibit to the Settlement Agreement and Claim Form, and direct distribution.

Preliminary approval and conditional certification will allow the parties to notify the class of the settlement and of their right to object or opt out. Preliminary approval does not require the Court to rule on the ultimate fairness of the settlement, but to make only an "initial evaluation" of the fairness of the proposed settlement and whether there is "probable cause" to submit it to class members. *See* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), §11.25 (4th ed. 2002); *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980) (the court need only find "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness"). The Court should permit notice of the settlement to be sent to class members because the settlement falls within the "range of possible approval." *Newberg* §11.25.

## II. BACKGROUND

### A. <u>Factual Background</u>

Fresco News Incorporated is or at relevant times was a startup technology company based in New York City. For a period of approximately six weeks (three bimonthly pay cycles) it did not pay its employees, shortly before shutting its doors. The Defendant corporation and its principals, who have been alleged to be joint employers of the plaintiffs for relevant purposes, are all in default. This Settlement, which was reached in principle at a Settlement Conference facilitated by Magistrate Judge Sarah Netburn, held at the United States District Court in Manhattan on 500 Pearl Street, New York, NY 10007-1312, fixes the Defendants' liabilities, gives them more than a year to pay the settlement funds, and negates the need to engage in extensive litigation regarding the relatively straight forward issues involved in the case.

### B. <u>Procedural History</u>

On September 5, 2017, Plaintiff Monroy-Gill commenced this action as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), bringing claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Dkt. 1).

On May 4th, 2018, after the defendants failed to appear, Plaintiff Monroy-Gill requested the Clerk's Certificate of Default. However, several potential plaintiffs reached out to this firm shortly thereafter. On June 5th, 2018, this firm notified the Court of its contact with these potential plaintiffs and filed a motion to amend their complaint, have it re-served on the defendants, and subsequently reassess the status of default. [Dkt. 37]. The Court granted this motion on June 6th, 2019. [Dkt. 38].

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

On March 18th, 2019 Magistrate Judge Sarah Netburn conducted a Settlement Conference at the United States District Court in Manhattan. Plaintiff Monroy-Gill, her counsel, and Defendant John Meyer (CEO of the corporate defendant) were in attendance. The other Plaintiffs, Defendants, and shareholders of the corporate entity were invited to attend as well but did not come. During this conference the salient terms of the agreement were reached. The parties agreed to reduce their agreement to writing subsequently in order to clarify procedures and other terms of the agreement.

On November 15, 2019, Plaintiffs dismissed without prejudice from this action Jonathan Hamiter, Jeremy Ogorek, and Morgan Boyer. The remaining defendants are Fresco News Incorporated and John Meyer (hereinafter, "Defendants"). On this basis we further move the Court to permit the caption appearing on the Notice and/or Claim Form to only list the company and Defendant Meyer as defendants in order to avoid any possible confusion.

## III. SUMMARY OF THE SETTLEMENT TERMS

### A. **The Settlement Fund**

The Settlement Agreement creates a fund of $175,000 ("the Fund"). Defendants are to pay this amount on or before eighteen months after the judgment becomes final into Plaintiff's counsel's trust account.

In the event Defendants fail to pay this amount by this date, an escrowed Confession of Judgment may be filed against the Defendants. In this, the Defendants will be liable for the full (as opposed to a compromised) amount owed to each individual who is either a named or opt-in Plaintiff or who timely submits a Claim Form, as well as various other penalties and fees.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

The Fund covers Class Members' awards, the named plaintiff's service award, attorneys' fees, and litigation costs. Funds remaining, if any, after all disbursements, shall be distributed to an appropriate *cy pres* recipient.

## B. **Eligible Employees**

The Class consists of all individuals who worked at Fresco at any time from May 1, 2017 to July 1, 2017 and was not one of the Defendants or among the company executives.

Attached to the Settlement Agreement is a list of relevant employees that Defendants have stated under oath to be a complete list and who comprise the maximum extent of those against whom Defendants would seek to claim a release of claims

In order to receive a payment, class members must submit a Consent Form (unless they are already a named or opt-in plaintiff). The purpose of this is primarily to collect correct current contact information for them and to ensure that any funds remitted to them will in fact be received.

## C. **Release**

The Settlement Agreement provides that the Defendants will get a full release of the Class Claims for all eligible class members, even as against those who are not eligible to receive process to this settlement (because they are not plaintiffs or did not submit a Claim Form). The "Class Claims" are the New York Labor Law wage claims that have been raised as class claims pursuant to Fed. R. Civ. Proc. 23. Fair Labor Standards Act (FLSA) claims are not subject to FRCP 23 class treatment. Therefore, those claims can only be released by anyone who actually participates in the settlement (i.e., the Plaintiffs and anyone else who submits a claim form). However, because the FLSA statute of limitations is a maximum of three years, the risk that

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

anyone will file a separate FLSA action – which could not include an NYLL claim unless that person had affirmatively opted out of the class action – is low.

No claims will be released for time periods after the applicable time period.

### D. <u>Allocation Formula</u>

Class members who submit claim forms will receive a share of the settlement fund proportional to the size of their computed claim relative to the total of all computed claims. More specifically, each individual Eligible Class Member's Allocated Share will be calculated using the following Formula:

**FORMULA:** Each individual Eligible Class Member's Allocated Share will be calculated using the following "Formula":

a. ***Step One:*** The maximum claim amounts for each Eligible Class Member are set forth in the Class List spreadsheet attached hereto.

b. ***Step Two:*** Add all the Eligible Class Members' claims together to obtain the total amount of claims made by the Eligible Class Members.

c. ***Step Three:***

  i. If the Net Settlement Fund amount is <u>greater than or equal to</u> the total amount of the Eligible Class Members' claims, each Eligible Class Member shall receive the amount calculated in Step One. All money (if any) remaining in the Reserve Fund upon the expiration of the Claims Administration Period shall be distributed to a *cy pres* recipient as more fully described below.

  ii. If the Net Settlement Fund amount is <u>less than</u> the total amount of the Eligible Class Members' claims, then the Net Settlement Fund shall be divided *pro rata* among the Eligible Class Members. In other words,

$$\frac{\text{The Eligible Class Member's Claim Amount}}{\text{Total of All Eligible Claim Members' Claims}} \quad \text{x} \quad \text{Net Settlement Fund}$$

In other words, the total of the submitted claims is the denominator; the class member's claim is the numerator. That percentage is applied to the net fund remaining after costs (up to $2,000), fees (one-third) and the service award to the named plaintiff ($5,000) are taken out,

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case No. 1:17-cv-06743

Ps Motn for Prelim Approval
Page 5

which is estimated to be approximately $110,000 should this court approve the amounts requested in those areas. (As mentioned, the gross fund is $175,000.)

Thus, those who do submit claim forms stand a good chance of being at or close to the full amount of the formula amount. If so few workers are located that the fund is not fully utilized, the remainder will go to an appropriate *cy pres* recipient.

### E.   Attorneys' Fees and Litigation Costs

Plaintiffs' counsel will apply for 33% of the Fund as attorneys' fees.[1] (Ex. A) Plaintiffs' counsel will also seek reimbursement of their actual out-of-pocket expenses from the Fund, which "shall not exceed $2,000." (*Id.*) These shall be for necessary and standard costs such as court filing fees, service of process, and similar. The Court need not rule on fees and costs now. Plaintiffs' counsel will file a formal motion for approval of fees and costs along with their motion for final approval of the settlement. *See* Fed. R. Civ. P. 23(h) and 54(d)(2).

### F.   Service Award

The Named Plaintiff will submit a separate motion for a service award contemporaneously with her motion for attorney fees and costs. The Court need not address that issue at this time. The amount to be requested, as stated in the settlement agreement, is $5,000. This amount is standard and reasonable under the circumstances, as will be more fully described in the subsequent motion.

---

[1] This is a typical fee award in the Second Circuit. *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, at *10 (W.D.N.Y. June 28, 2008) (a fee award of "33% of the Settlement Fund is typical in class action settlements in the Second Circuit"); *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452, 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008) ("counsel is entitled to one-third of the common fund after deduction of legal costs, which is consistent with the norms of class litigation in this circuit").

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

## IV. CLASS ACTION SETTLEMENT PROCEDURE

Courts have established a defined procedure and specific criteria for settlement approval in class action settlements, which include three distinct steps:

(1) Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval and certification of the settlement class;

(2) Dissemination of mailed and/or published notice of settlement to all affected Class members; and

(3) A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also Newberg* §§ 11.22, *et seq.* This process safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests. With this motion, Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, appointing Plaintiffs' Counsel as Class Counsel, and approving Plaintiffs' Proposed Notice and authorizing them to send it. The parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

(1) The Notice and Claim Forms will be mailed and emailed to class members within 14 days after the Order Granting Preliminary Approval. (Ex. A (Settlement Agreement) ¶ III)

(2) Class members will have 74 days from the date of this court's Order preliminary approval (i.e. approximately 60 days after the date the Proposed Notice is mailed) to opt out of or object to the settlement ("Opt-Out Period"). (*Id.*)

(3) Plaintiffs will file a Motion for Final Approval of Settlement after the expiration of the opt-out period. (*Id.*)

(4) A final fairness hearing will be held on a date that is convenient for the Court. (*Id.*)

(5) After the final fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the Effective Date of the Settlement will be 30 days after the Court enters its Final Order and Judgment ("Effective Date").

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

(6) If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day after all appeals are finally resolved and all payments are received from defendants.

(7) Settlement awards to Class Members and Plaintiffs' Counsel as soon as practicable once the funds are received and the above procedures have been accomplished.

## G. <u>The Settlement Class Meets the Legal Standard for Class Certification</u>

The law favors compromise and settlement of class action suits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc*., 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (quoting *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998)) (internal quotation marks omitted); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.") The approval of a proposed class action settlement is a matter of discretion for the trial court. *Maywalt v. Parker & Parsley Petroleum Co*., 67 F.3d 1072, 1079 (2d Cir. 1995). In exercising this discretion, courts should give "proper deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Newberg* § 11.25. The court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re TrafficExecutive Ass'n*, 627 F.2d at 634; *Newberg* § 11.25 ("If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members); *see also Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where the settlement "ha[d] no obvious defects" and the proposed allocation plan was "rationally related to the relative strengths

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

and weaknesses of the respective claims asserted"). "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)) (internal quotation marks omitted); *Wright v. Stern*, 553 F. Supp. 2d 337, 343 (S.D.N.Y. 2008) (same). Absent evidence of fraud or collusion, where a settlement is achieved through arm's-length negotiations by experienced counsel, "[courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. 2007). This first step in the settlement process simply allows notice to issue to the class and for class members to object or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

### H. **The Settlement is Fair, Reasonable, and Adequate.**

In evaluating a class action settlement, courts in the Second Circuit consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), abrogated on other grounds by *Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court need not evaluate the *Grinnell* factors in order to conduct its initial evaluation of the settlement, it may be useful for the Court to consider the criteria on which it will ultimately judge the settlement. The *Grinnell* factors are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages;

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

(6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. 495 F.2d at 463. All of the *Grinnell* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

### 1. *Further Litigation May be Complex, Costly, and Long (Grinnell Factor 1).*

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid further expense and delay and ensure a speedy, risk-free recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), aff'd sub. nom. *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001).

This settlement makes monetary relief available to class members in an efficient manner relative to the uncertain timeline of continued litigation. Therefore, the first *Grinnell* factor weighs in favor of preliminary approval.

### 2. *The Reaction of the Class (Grinnell Factor 2).*

Although notice of the settlement has not yet issued to the class, the named Plaintiff has expressed support for the settlement and has signed the Settlement Agreement. The Court can fully analyze this factor only after notice issues and Class Members have had an opportunity to weigh in.

### 3. *Discovery Has Advanced Far Enough to Allow the Parties to Responsibly*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

## Resolve the Case (Grinnell Factor 3).

The parties have gathered enough information to recommend settlement. The pertinent question is "whether counsel had an adequate appreciation of the merits of the case before negotiating." *Warfarin*, 391 F.3d at 537. "The pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement . . . [but] an aggressive effort to ferret out facts helpful to the prosecution of the suit." *In re Austrian & German Bank Holocaust Litig*, 80 F. Supp. 2d at 176 (quoting *Martens v. Smith Barney, Inc.*, 181 F.R.D. 243, 263 (S.D.N.Y. 1998)) (internal quotation marks omitted).

The parties' information here meets this standard. The almost 20 named and opt-in Plaintiffs have all attested to their own pay rates and extent of unpaid wages, and the remaining class members' information has been estimated with a very high degree of certainty based on the Plaintiffs' knowledge of pay rates for each of the work positions at issue. Defendants have not contested or objected to the Plaintiffs' calculations. Further litigation would be unlikely to alter the computation of damages by any significant degree. Counsel for plaintiffs has advocated their positions and engaged in vigorous back-and-forth regarding their respective claims and defenses. Based on these circumstances, the parties were well-equipped to evaluate the strengths and weaknesses of the case. See *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *8-9 (S.D.N.Y. 2009) (granting final approval of settlement resulting from "contentious arm's-length negotiations" undertaken "in good faith"); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *12-13 (S.D.N.Y. 2009) (same); *Frank*, 228 F.R.D. at 185 (approving settlement of case "in relatively early stages of discovery" where parties had exchanged extensive information pertaining to the identities of class members and to Defendant's time and pay practices and where counsels'

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

negotiations, while "cooperative," had "been in no way collusive"). This factor weighs in favor of preliminary approval.

### 4. *Plaintiffs Would Face Significant Risks if the Case Proceeded (Grinnell Factors 4 and 5).*

Although Plaintiffs' case is strong, it is not without risk. "Litigation inherently involves risks." *In re Painewebber Ltd. P'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997). Indeed, "if settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.,* 304 F. Supp. 917, 934 (S.D.N.Y. 1969). In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 177 (quoting *Marisol A. v. Giuliani*, 185 F.R.D. 152, 164 (S.D.N.Y. 1999)) (internal quotation marks omitted). Largely because of defendants' poor records during the settlement period, any damage award would necessarily be based on best guesses and informed approximations. The number ultimately awarded could be less or more than the amount agreed in settlement. The proposed settlement alleviates this uncertainty. This factor weighs in favor of preliminary approval.

### 5. *Establishing a Class and Maintaining it Through Trial Would Not Be Simple (Grinnell Factor 6).*

The risk of maintaining the class status through trial is also present. Defendants could argue that the class should be decertified. Risk, expense, and delay would permeate such a process. Settlement eliminates this risk, expense, and delay. This factor favors preliminary approval.

### 6. *Defendants' Ability to Withstand a Greater Judgment Is Not Assured (Grinnell*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case No. 1:17-cv-06743

Ps Motn for Prelim Approval
Page 12

### _Factor 7)._

A "defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair." _Frank_, 228 F.R.D. at 186 (quoting _In re Austrian & German Bank Holocaust Litig._, 80 F. Supp. 2d at 178 n.9). Here, the Settlement Agreement minimizes the risk of collection by requiring Defendants to pay the Fund within eighteen months, and penalties for nonpayment in the forms of an escrowed confession of judgment provides ample incentive to abide by the payment schedule. If Defendants had been forced to pay even the agreed amount (much less a greater recovery) all at once, such judgment may have had the net effect of making recovery for the workers less, rather than more, likely. Accordingly, this factor favors preliminary approval.

### 7. _The Settlement Fund is Substantial in Light of the Best Possible Recovery and the Attendant Risks of Litigation (_Grinnell _Factors 8,9)._

The $175,000 settlement amount represents a good value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs succeeded on all claims at trial and survived an appeal. Each Class Member will receive a payment based upon his or her potential claim. In Class Counsel's estimation, the settlement represents a significant percentage of the recovery that Plaintiffs would have achieved had they prevailed on all of their claims. Weighing the benefits of the settlement against the risks associated with proceeding in the litigation, the settlement amount is more than reasonable.

"[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." _Grinnell Corp._, 495 F.2d at 455 n.2. "It is well settled that a cash settlement amounting to only a fraction of the potential recovery will not _per se_ render the settlement inadequate or unfair." _Officers for_

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

_Monroy-Gill et al v. Fresco News Incorporated et al_
Case No. 1:17-cv-06743

Ps Motn for Prelim Approval
Page 13

*Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982); *see Cagan v. Anchor Sav. Bank FSB*, No. 88 Civ. 3024, 1990 U.S. Dist. LEXIS 11450, at *34-35 (E.D.N.Y. May 17, 1990) (approving $2.3 million class settlement over objections that the "best possible recovery would be approximately $121 million"); *Brooks v. Am. Export Indus., Inc.*, No. 71 Civ. 5128, 1977 U.S. Dist. LEXIS 17313, at *16-18 (S.D.N.Y. Feb. 17, 1977) (approving settlement of less than 1% of the best possible recovery). The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank*, 228 F.R.D. at 186 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id.* (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). Moreover, when settlement assures immediate payment of substantial amounts to class members, "even if it means sacrificing 'speculative payment of hypothetically larger amount years down the road,'" settlement is reasonable under this factor. *See Gilliam,* 2008 U.S. Dist. LEXIS 23016, at *5 (quoting *Teachers' Ret. Sys. of Louisiana v. A.C.L.N. Ltd.*, No. 01 Civ. 11814, 2004 U.S. Dist. LEXIS 8608, at *16 (S.D.N.Y. May 14, 2004)).

## I.   Certification of the Rule 23 Settlement Class Is Appropriate.

Plaintiffs respectfully request that the Court certify the following Fed. R. Civ. P. 23 class for purposes of effectuating the settlement:  all individuals who worked at Fresco at any time from May 1, 2017 to July 1, 2017 and who were not company executives.

## J.   The Proposed Class Notice Is Appropriate.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

The content of the Proposed Notice, which is attached to the Notice of Motion as Exhibit A, fully complies with due process and Fed. R. Civ. P. 23. Pursuant to Rule 23(c)(2)(B), the notice must provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3). The Proposed Notice here satisfies each of these requirements. It also describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing and how to object to or exclude oneself from the settlement.

This information is adequate to put class members on notice of the proposed settlement and is well within the requirements of Rule 23(c)(2)(B). Courts in this district have approved class notices that are very similar to the one proposed by Plaintiffs.

## V. *CHEEKS*

The parties also jointly request that this Court approve the parties' settlement pursuant to *Cheeks*. (Ex. A, Settlement Agreement). As the action and claims arise under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), the parties' settlement must be approved by this Court. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982)).

In *Cheeks* the Second Circuit articulated that its rationale for requiring approval is premised largely on the notion that "Low wage employees, even when represented in the context of a

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

pending lawsuit, often face extenuating economic and social circumstances and lack equal bargaining power; therefore, they are more susceptible to coercion or more likely to accept unreasonable, discounted settlement offers quickly." *Cheeks*, at *17. The Court referred to a number of district court decisions rejecting proposed FLSA settlements containing the following types of provisions:

1. Highly restrictive confidentiality provisions (*Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, No. 14–cv–1274 (LAK), 2015 WL 1455689, at *3 (S.D.N.Y. March 30, 2015)

2. Overbroad releases (*Id.*)

3. Attorneys' fees of somewhere between 40%-43.6% of the total settlement payment (*Id.*)

4. Restriction on a plaintiff's attorney not to "represent any person bringing similar claims against Defendants." *Guareno v. Vincent Perito, Inc.*, 14cv1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014).

5. Economic desperation of the plaintiffs. *Nall v. Mai–Motels, Inc.*, 723 F.3d 1304, 1306 (11th Cir.2013); *Walker v. Vital Recovery Servs., Inc.*, 300 F.R.D. 599, 600 n. 4 (N.D.Ga.2014)

*Cheeks*, at *17.

Here, none of these factors would preclude approval of this settlement. Preliminarily, Plaintiffs were not "low wage" workers as contemplated in *Cheeks*. However, because the FLSA does not only apply to "low wage" workers, we address the remainder of the issues raised therein. First, there is no confidentiality provision in the Agreement. Second, the release in this case is limited to wage claims and is not general. Third, the litigation costs are not to exceed $2,000 and the attorney fees are one-third, which is standard in this circuit. Fourth, the Agreement contains no restriction on Plaintiffs' counsel's ability to represent other individuals. Fifth, the settlement was not entered into on the basis of Plaintiffs' economic desperation. It is a significant amount of money, not the small amounts at issue in the cases cited; and the Plaintiffs, as previously mentioned, are not "low wage" (overly vulnerable) workers.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

The parties have executed a written Settlement Agreement and jointly ask the Court to approve the settlement and dismiss the case with prejudice. The parties represent to the Court that the settlement is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The parties attest to the fairness and reasonableness of their amicable settlement. The parties agreed to the terms of this settlement after they were counseled by their respective attorneys and emanating from a settlement conference in court with the magistrate judge assigned to the case.

WHEREFORE, the parties jointly and respectfully request that this Court approve the Settlement Agreement of the parties, and dismiss the instant action between the parties with prejudice.

## VI. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court Preliminarily Approve of the Settlement, Approve the Proposed Notice and Claim Form, and enter the Proposed Order.

Respectfully submitted, this **15th** day of **November, 2019.**

ANDERSONDODSON, P.C.

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
Attorney for Plaintiffs

11 Broadway
Suite 615
New York, NY 10004
212.961.7639 tel
646.998.8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case No. 1:17-cv-06743

Ps Motn for Prelim Approval
Page 17

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN III, CENITHIA BILAL, KELSIE BLAZIER, SOLOMON OLORUNTOSI** and **ROBERT BELPASSO,**
on behalf of themselves and others similarly situated,

Plaintiffs,

v.

**FRESCO NEWS INCORPORATED** d/b/a Fresco,
**JOHN MEYER,** an individual,
**JONATHAN HAMITER,** an individual,
**JEREMY OGOREK,** an individual, and
**MORGAN BOYER,** an individual,

Defendants.

Case No. 1:17-cv-06743

## [Proposed]
## ORDER
### Granting Plaintiffs' Motion for Preliminary Approval of Settlement, Certification of the Settlement Class, Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Procedure; and Motion for Approval of FLSA Settlement Pursuant to *Cheeks*

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of AndersonDodson, P.C. ("AndersonDodson") as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.AndersonDodson.com*

**PRELIMINARY APPROVAL OF SETTLEMENT**

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached thereto.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. The Settlement is also fair and reasonable. It meets the standards for approval of settlement involving Fair Labor Standards Act claims as set forth in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015),

**CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS**

5. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):  all individuals who worked at Fresco at any time from May 1, 2017 to July 1, 2017 and was not one of the Defendants or among the company executives.

6. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are enough Class Members that joinder is impracticable.

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants paid Fresco employees for all of their owed wages.

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *4-5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case no. 1:17-cv-06743

Motn for Prelim Approval
Page 2

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.,* No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at \*18-19 (S.D.N.Y. Sept. 28, 2007).

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at \*4-5; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at \*5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at \*7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at \*12. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

## APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

12. The Court appoints AndersonDodson, P.C. as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165.

13. AndersonDodson did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. AndersonDodson lawyers have substantial experience prosecuting and settling employment cases, including wage and hour individual and class actions, and are well-versed in wage and hour law and in class action law.

15. The work that AndersonDodson has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

## CLASS NOTICE

16. The Court approves the Proposed Notice and Claim Form, and directs their distribution to the Class.

17. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

18. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

19. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.,*

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.AndersonDodson.com

150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

20. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

**CLASS ACTION SETTLEMENT PROCEDURE**

21. The Court hereby adopts the settlement procedure as set forth in the Settlement Agreement

22. The Court will hold a final fairness hearing on _____ at _____ ___.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom _____;

23. The parties shall abide by all other terms of the Settlement Agreement.

It is so ORDERED this ___ day of _____, 20___.


_____
Honorable Sarah N. Netburn
United States Magistrate Judge

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.AndersonDodson.com

*Monroy-Gill et al v. Fresco News Incorporated et al*
Case no. 1:17-cv-06743

Motn for Prelim Approval
Page 4