USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/20/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**KEANA MONROY-GILL, CHRISTOPHER SCOTT MULLEN, ERIK WASHINGTON, GUSTAVO LEAL, ISMAIL IBRAHIM, KATARINA SCHULZ, ELIZABETH LIZZY FRANCIS, MARIO DUNDAS, OMAR ELFANEK, STEPHEN STRAUB, S. JAMAL STONE, WILLIAM MARTIN III, CENITHIA BILAL, KELSIE BLAZIER, SOLOMON OLORUNTOSI** and **ROBERT BELPASSO,** on behalf of themselves and others similarly situated,

     Plaintiffs,

v.

**FRESCO NEWS INCORPORATED** d/b/a Fresco,
**JOHN MEYER,** an individual,
**JONATHAN HAMITER,** an individual,
**JEREMY OGOREK,** an individual, and
**MORGAN BOYER,** an individual,

     Defendants.

Case No. 1:17-cv-06743

**ORDER**
**Granting Plaintiffs' Motion for Preliminary Approval of Settlement,**
**Certification of the Settlement Class,**
**Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Procedure; and**
**Motion for Approval of FLSA Settlement Pursuant to *Cheeks***

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement, Conditional Certification of the Settlement Class, Appointment of AndersonDodson, P.C. ("AndersonDodson") as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval").

**PRELIMINARY APPROVAL OF SETTLEMENT**

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Settlement and Release ("Settlement Agreement"), attached thereto.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *12-13 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. The Settlement is also fair and reasonable. It meets the standards for approval of settlement involving Fair Labor Standards Act claims as set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015),

**CERTIFICATION OF THE PROPOSED RULE 23 SETTLEMENT CLASS**

5. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"): all individuals who worked at Fresco at any time from May 1, 2017 to July 1, 2017 and was not one of the Defendants or among the company executives.

6. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are enough Class Members that joinder is impracticable.

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants paid Fresco employees for all of their owed wages.

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *4-5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Toure v. Cent. Parking Sys.,* No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007).

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4-5; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 161, 164.

### APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL

12. The Court appoints AndersonDodson, P.C. as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165.

13. AndersonDodson did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. AndersonDodson lawyers have substantial experience prosecuting and settling employment cases, including wage and hour individual and class actions, and are well-versed in wage and hour law and in class action law.

15. The work that AndersonDodson has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

### CLASS NOTICE

16. The Court approves the Proposed Notice and Claim Form, and directs their distribution to the Class.

17. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

18. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

19. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*,

150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

20. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

**CLASS ACTION SETTLEMENT PROCEDURE**

21. The Court hereby approves the settlement procedure as set forth in the Settlement Agreement.

22. The Court will hold a final fairness hearing on Monday, April 27, 2020, 2:00 p.m. at the United States District Court for the Southern District of New York, 40 Foley Square, New York, New York, Courtroom 219.

23. The parties shall abide by all other terms of the Settlement Agreement.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

February 20, 2020
New York, New York